IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **CHONG WOO YI** | : | **BANKRUPTCY NO. 19-14866(MDC)** |
| | : | |
| **Debtor** | : | |
| | : | |

**MOTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE,
FOR AUTHORITY TO: (1) SELL RESIDENTIAL REAL PROPERTY LOCATED
AT 15137 KALLASTE DRIVE, PHILADELPHIA, PA 19116 [TAX ID 583165454] FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11
U.S.C. § 363 AND (2) COMPENSATE REAL ESTATE BROKERS**

Christine C. Shubert, the Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of Chong Woo Yi (the "Debtor"), by and through her counsel, Karalis PC, hereby moves this Honorable Court for authority to: (1) sell residential real property free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363 and (2) compensate real estate brokers (the "Motion") and in support thereof, respectfully represents as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 6004.

**II.    BACKGROUND**

4. On August 1, 2019 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

5.  On the Petition Date, the Trustee was appointed and is so acting.

6.  The Estate owns residential real property located at 15137 Kallaste Drive, Philadelphia, PA 19116 [Tax ID 583165454] (the "Property").

7.  The Trustee has received an offer to purchase the Property from Viktor and Galyna Goroshko (collectively, the "Purchasers") for a purchase price of $240,000.00[1] (the "Purchase Price"). The Agreement for the Sale of Real Estate (the "Agreement of Sale") is attached hereto as Exhibit "A" and made a part hereof.

8.  The sale of the Property to the Purchasers contains the following contingencies:

    (a) Mortgage contingency and

    (b) Bankruptcy Court approval.

9.  The Property is being sold to the Purchasers on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

## III. THE PROPOSED SALE AND RELIEF REQUESTED

10. The Trustee desires to sell the Property free and clear of all liens, claims, interests and encumbrances pursuant to the provisions of the Agreement of Sale.

11. Pursuant to 11 U.S.C. § 363 and in furtherance of the Trustee's efforts to liquidate the Property, the sale of the Property must be free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims against the Debtor or his property, of any kind or nature, whether secured or unsecured, choate, or inchoate,

---

[1] In accordance with the Agreement of Sale, the Purchasers have paid a deposit in the amount of $5,000.00 which shall be credited at the time of closing on account of the Purchase Price.

filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

12. The Liens and Claims shall attach to the proceeds of the sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

13. The Purchase Price shall constitute the highest and best offer that the Trustee has or shall receive and shall constitute a purchase in good faith for fair value within the meaning of Section 363(m) of the Bankruptcy Code and *In Re Abbots Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986).

14. The sale of the Property free and clear of all Liens and Claims is in the best interest of the Estate and is necessary in order to allow the Trustee to liquidate the Property.

## IV.    THE TRUSTEE HAS COMPLIED WITH 11 U.S.C. § 363

15. By this Motion, the Trustee seeks the entry of an Order by the Court authorizing the sale of the Property free and clear of the Liens and Claims.

16. Section 363(b) of the Bankruptcy Code authorizes a trustee to sell assets outside of the ordinary course of business. As a general rule, a trustee must show that each of the following elements have been met before a § 363(b) sale may be approved: (i) that a sound business reason exists for the proposed transaction; (ii) the sale has been proposed in good faith; (iii) the sale price is fair and reasonable; and (iv) that accurate and reasonable notice has been provided of the transaction. *See, Stroud Ford, Inc.*, 163 B.R. 730 (Bankr. M.D. Pa. 1993). Here, the proposed sale of the Property meets each of these four (4) factors.

### (a) The proposed sale is supported by sound business reasons.

17. Courts have made it clear that a trustee's showing of a sound business justification need not be exhaustive, but rather a trustee is "simply required to justify the proposed disposition with sound business reasons." *See, In re Baldwin United Corp.*, 43 B.R. 898, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See, Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also, Industrial Valley Refrig. & Air Conditioning Supplies, Inc.*, 77 B.R. 15 (Bankr. E.D.Pa. 1987) (adopting *Lionel* reasoning). When considering whether a trustee has demonstrated a sound business justification for a proposed sale of assets under § 363(b) of the Bankruptcy Code, a court "should consider all salient factors pertaining to the proceeding." *See, Lionel*, 722 F.2d at 1071. In evaluating these and other pertinent factors, the court should bear in mind that the overriding goal is "to further the diverse interests of the trustee, creditors and equity holder, alike." *See, Id.*

18. The Trustee believes, and therefore avers, that there is good and sufficient business justification for the Trustee to sell the Property and is in the best interest of the Estate for this Court to grant the Motion.

19. Accordingly, as the foregoing discussion demonstrates, the Trustee believes that the sale of the Property is justified by sound business reasons and is necessary to preserve and maximize the return to the Estate.

### (b) The sale has been proposed in good faith.

20. "The requirement that a purchaser act in good faith . . . speaks to the integrity of

his conduct in the course of the sale proceedings." *See, In re Abbotts Dairies Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986). "Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *See, Id.*

21. The proposed sale of the Property is an arms-length transaction.

22. The Trustee has no relationship with the Purchasers.

**(c)    The Purchase Price is fair and reasonable.**

23. The Trustee believes the Purchase Price is fair and reasonable.

24. The Property was listed with RE/MAX 2000, shown to prospective purchasers, and the offer received from the Purchasers is the highest and best offer received to date.

25. The Purchase Price is the listing price for the Property.

**(d)    Accurate and reasonable notice of the sale will be provided.**

26. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private or by public auction. *See*, Fed. R. Bankr. P. 6004(f)(1).

27. Pursuant to Bankruptcy Rule 6004, notice of a proposed use, sale, or lease of property required under Bankruptcy Rule 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. *See*, Fed. R. Bankr. P. 2002(c)(1). Moreover, notice of a proposed use, sale, or lease of property is sufficient if it generally describes the property.

28. The Trustee submits that the Notice attached to this Motion meets all of the above requirements. The Notice describes the Property and fixes a deadline for objecting to the same.

**(e)    The Requirements of 11 U.S.C. § 363(f).**

29.    Section 363(f) of the Bankruptcy Code provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if --

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

See, 11 U.S.C. § 363(f).

30.    In the case at hand, the Property is encumbered by a mortgage (the "Mortgage") held by Wells Fargo Home Mortgage in the approximate amount of $150,000.00.

31.    In addition, the Debtor has claimed the Property as exempt pursuant to 11 U.S.C. § 522(d)(1) in the amount of $23,675.00. The Debtor's Amended Schedule "C" is attached hereto as Exhibit "B" and made a part hereof.

32.    At closing, the Trustee intends to distribute the proceeds from the sale of the Property as follows:

a.    First, the amount needed to satisfy any outstanding property tax and municipal liens due the applicable governmental authorities;

   b. Second, satisfaction of the realtor fee due to RE/MAX 2000 in the amount of $7,200.00 and Re/Max Action Realty-Horsham in the amount of $7,200.00;

   c. Third, the normal and customary closing costs including, but not limited to, transfer taxes and any recording fees;

   d. Fourth, the amount needed to satisfy the Mortgage held by Wells Fargo Home Mortgage;

   e. Fifth, the Debtor's exemption in the amount of $23,675.00; and

   f. Sixth, the balance to the Trustee.

33. The Mortgage will be paid in full at closing.

34. Thus, the Trustee submits that the sale of the Property, free and clear of the Liens and Claims, satisfies the statutory prerequisites of § 363(f) of the Bankruptcy Code. Accordingly, the Trustee seeks the entry of an Order authorizing the sale of the Property pursuant to § 363 of the Bankruptcy Code.

## V. BROKER COMPENSATION

35. On September 9, 2019, the Trustee filed an application to employ RE/MAX 2000 as Broker (the "Employment Application").

36. By Order dated October 10, 2019, the Court approved the Employment Application. A copy of the Order approving the Employment Application is attached hereto as Exhibit "C" and made a part hereof.

37. The Employment Application indicated, *inter alia*, that RE/MAX 2000 is to be paid a commission of 6% of the sales price of the Property and in the event of a co-broker arrangement, the commission will be split equally between RE/MAX 2000 and the co-broker.

38. In the case at hand, Re/Max Action Realty-Horsham acted as the co-broker.

39. As such, the total broker commission is $14,400.00 ($240,000.00 X .06 = $14,400.00) which will be split equally between RE/MAX 2000 and Re/Max Action Realty-Horsham at closing on the Property.

## VI. CONCLUSION

40. The Trustee avers that the sale is in the best interest of all of the Estate's creditors. The Trustee further avers that the sale satisfies the Bankruptcy Code.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court enter an Order (i) authorizing the sale of the Property; (ii) allowing the sale of the Property free and clear of the Liens and Claims; (iii) authorizing compensation to the brokers; and (iv) providing such other and further relief as this Honorable Court deems just and reasonable.

                                          **Respectfully submitted,**

                                          **KARALIS PC**

                                          By:   /s/ Robert W. Seitzer
                                                  ROBERT W. SEITZER
                                                  1900 Spruce Street
                                                  Philadelphia, PA  19103
                                                  (215) 546-4500
                                                  rseitzer@karalislaw.com

                                                  Attorneys for the Trustee

Dated: October 16, 2019