IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| CHONG WOO YI | : | BANKRUPTCY NO. 19-14866(MDC) |
| | : | |
| Debtor | : | |
| | : | |

**MOTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, FOR ENTRY OF ORDERS (I) COMPELLING DEBTOR TO GRANT ACCESS TO RESIDENTIAL REAL PROPERTY LOCATED AT 15137 KALLASTE DRIVE, PHILADELPHIA, PA 19116 [TAX ID 583165454], (II) COMPELLING DEBTOR TO VACATE THE RESIDENTIAL REAL PROPERTY, AND (III) GRANTING THE REQUEST FOR AN EXPEDITED HEARING WITH REDUCED NOTICE PERIOD**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Chong Woo Yi (the "Debtor"), by and through her counsel, Karalis PC, hereby moves (the "Motion") this Honorable Court for entry of Orders (i) compelling Debtor to grant access to residential real property located at 15137 Kallaste Drive, Philadelphia, PA 19116 [Tax ID 583165454], (ii) compelling Debtor to vacate the residential real property, and (ii) granting the request for an expedited hearing with reduced notice period, and in support thereof, respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), and (O).

3. The statutory basis for the relief requested herein are 11 U.S.C. §§ 105(a), 521(a)(3), (a)(4), and 542(a).

## BACKGROUND

### A. Procedural Background

4. On August 1, 2019 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

5. On the Petition Date, the Trustee was appointed and is so acting.

### B. Residential Real Property Owned by the Bankruptcy Estate

6. The bankruptcy estate owns residential real property located at 15137 Kallaste Drive, Philadelphia, PA 19116 [Tax ID 583165454] (the "Property").

7. On the Debtor's Schedule "A/B", the Debtor indicated that the Property has a fair market value of $175,000.00.

8. The Property is encumbered by a mortgage in the approximate amount of $150,000.00 held by Wells Fargo Home Mortgage.

9. Upon information and belief, there are no other liens or claims encumbering the Property.

10. The Debtor has claimed an exemption in the Property in the amount of $23,675.00.

### C. Employment of Real Estate Broker

11. On September 9, 2019, the Trustee filed an Application to Employ RE/MAX 2000 as Broker (the "Broker") Pursuant to 11 U.S.C. § 327 and Fed.R.Bankr.P. 2014 (the "Employment Application") [D.I. 26].

12. On October 10, 2019, this Honorable Court entered an Order approving the Employment Application [D.I. 33].

**D.  Agreement of Sale**

13. On October 14, 2019, the Trustee entered into an Agreement for the Sale of Real Estate (the "Agreement of Sale") with Viktor and Galyna Goroshko (collectively, the "Purchasers") to sell the Property to the Purchasers for a purchase price of $240,000.00 (the "Purchase Price"). The Agreement of Sale is attached hereto as Exhibit "A" and made a part hereof.

14. The Purchase Price is the asking price for the Property.

15. The sale of the Property to the Purchasers contains the following contingencies:

   a. Mortgage contingency and

   b. Bankruptcy Court approval.

16. The Property is being sold to the Purchasers on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

17. The deadline for the Purchasers to obtain a mortgage is November 11, 2019 (the "Mortgage Contingency Date").

18. The settlement date for closing on the Property is November 29, 2019.

**E.  Sale Motion**

19. On October 16, 2019, the Trustee filed the Motion of Christine C. Shubert, Chapter 7 Trustee, for Authority to: (1) Sell Residential Real Property Located at 15137 Kallaste Drive, Philadelphia, PA 19116 [Tax ID 583165454] Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 and (2) Compensate Real Estate Brokers (the "Sale Motion") [D.I. 38].

20. The hearing on the Sale Motion is currently scheduled for November 13, 2019.

**F.  The Debtor's Lack of Cooperation**

3

21. The undersigned counsel for the Trustee reached out to the Debtor's counsel for access to the Property.

22. Thereafter, the Broker had direct discussions with the Debtor about access to the Property to allow for showings to prospective purchasers.

23. Despite a request from the Broker, the Debtor refused to provide a key to the Property to the Broker.

24. In addition, the Debtor insisted that he be present at all showings of the Property.

25. While the Debtor did, at times, make himself available for the Broker to show the Property, he also cancelled multiple showings.

26. After the Sale Motion was filed, the Debtor has refused to make the Property available to the Broker or the Purchasers' appraiser.

27. As set forth herein, the Agreement of Sale is subject to a mortgage contingency.

28. As the Debtor will not make the Property available to the Purchasers' appraiser, the mortgage contingency cannot be satisfied and the Purchasers will not be able to close on the Property.

29. In the event that closing does not occur on the Property, the bankruptcy estate will be irreparably harmed to the detriment of the Debtor's creditors.

30. By way of an e-mail dated October 22, 2019 (the "Debtor's E-Mail"), the Debtor's counsel advised the Trustee's undersigned counsel that the Debtor does not want to sell the Property. The Debtor's E-Mail is attached hereto as Exhibit "B" and made a part hereof.

31. By way of an e-mail dated October 22, 2019 (the "Trustee's E-Mail"), the Trustee's undersigned counsel advised the Debtor's counsel that the decision to sell the Property

4

was solely that of the Trustee. The Trustee's E-Mail is attached hereto as Exhibit "C" and made a part hereof.

## RELIEF REQUESTED

32. The Trustee respectfully seeks the entry of an Order compelling the Debtor to grant the Trustee and the Purchasers' agents access to the Property.

33. As set forth herein, the Debtor has refused access to the Property for the Purchasers' appraiser to conduct an appraisal of the Property so that the mortgage contingency can be satisfied.

34. The Debtor has cut off all communications with the Broker.

35. The Trustee seeks to compel the Debtor to permit access to the Property to the Trustee's and the Purchasers' agents including, but not limited to, their real estate brokers and appraisers between the hours of 9:00 a.m. and 7:00 p.m. Monday through Saturday upon providing the Debtor with a twenty-four (24) hour notification.

36. In addition, the Trustee requests that this Court compel the Debtor to turnover a key to the Trustee for the purposes set forth herein and authorizing the changing of the locks on the entry door of the Property if the Debtor is not compliant.

37. Lastly, the Trustee requests that this Court compel the Debtor to vacate the Property and remove all of the personal property located at the Property on or before November 22, 2019 which date is seven (7) days prior to the settlement date of the Property.

## BASIS FOR RELIEF

38. Section 521(a)(3) of the Bankruptcy Code provides that the Debtor "... shall cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." *See*, 11 U.S.C. § 521(a)(3).

39. Section 521(a)(4) of the Bankruptcy Code provides that the Debtor "... shall surrender to the Trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title." *See*, 11 U.S.C. § 521(a)(4).

40. Section 542(a) of the Bankruptcy Code provides that an entity "... shall deliver to the Trustee, and account for, ..." property of the estate. *See*, 11 U.S.C. § 542(a).

41. The Debtor is clearly obligated to provide the Trustee with access to the Property and vacate the Property prior to settlement.

## REQUEST FOR EXPEDITED HEARING WITH REDUCED NOTICE PERIOD

42. As the Debtor has cut off all communications with the Broker and the Mortgage Contingency Date is November 11, 2019, the Trustee respectfully requests that a hearing be scheduled on this Motion on an expedited basis so that it may be heard during the week of October 28, 2019 or November 4, 2019.

43. **Pursuant to Local Rule of Bankruptcy Procedure 5070-1(g), counsel to the Trustee advised (i) the Office of the United States Trustee and (ii) counsel to the Debtor of her intention to seek expedited consideration of the instant Motion to be held during the week of October 28, 2019 or November 4, 2019. David Chandler, Esquire (counsel to the Debtor) indicated that he is *not available* on the following dates and times:**

    a. **All day on October 28, 2019;**

    b. **All day on October 29, 2019;**

    c. **The morning of October 31, 2019;**

    d. **The morning of November 5, 2019;**

    e. **The morning of November 6, 2019; and**

  **f.**  **The afternoon of November 8, 2019.**

44. The Trustee requests that notice of this Motion be limited to (i) the Office of the United States Trustee; (ii) counsel to the Debtor; and (iii) all parties requesting notices under Fed.R.Bankr.P. 2002.

45. The Trustee also requests that the notice period be reduced accordingly to allow the hearing to proceed on whatever date and time is scheduled by this Court.

**WHEREFORE,** the Trustee respectfully requests the entry of Orders (a) granting the Motion and (b) granting such other and further relief as this Court deems just and proper.

           **Respectfully submitted,**

           **KARALIS PC**

           By: /s/ Robert W. Seitzer
              ROBERT W. SEITZER
              1900 Spruce Street
              Philadelphia, PA 19103
              (215) 546-4500
              Attorneys for the Trustee

Dated: October 24, 2019