IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| | : | |
| CHONG WOO YI | : | BANKRUPTCY NO. 19-14866(MDC) |
| | : | |
| Debtor | : | |
| | : | |

## OBJECTION OF KARALIS PC TO THE ENTRY OF
## THE DEBTOR'S ORDER OF DISCHARGE

Karalis PC ("KPC"), by and through its counsel, hereby objects (the "Objection") to the entry of an Order granting the discharge of Chong Woo Yi (the "Debtor"), and in support thereof, respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. The statutory basis for the relief requested herein is 11 U.S.C. § 1328(h).

### BACKGROUND

A. **Procedural Background**

4. On August 1, 2019 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

5. On the Petition Date, Christine C. Shubert was appointed as the Chapter 7 Trustee (the "Former Trustee").

6. KPC was retained as counsel by the Former Trustee.

**B.   Settlement Agreement with the Former Trustee**

7.   On December 4, 2019, this Court entered an Order (the "12/4/2019 Order") approving a Settlement Agreement between the Debtor and the Former Trustee (the "Agreement"). The 12/9/2019 Order is attached hereto as Exhibit "A" and made a part hereof.

8.   The 12/4/2019 Order provided, *inter alia*, as follows:

(a)   The Debtor's bankruptcy case is converted from Chapter 7 to one proceeding under Chapter 13 of the Bankruptcy Code,

(b)   The Agreement is approved, and

(c)   The following claims are allowed as Chapter 7 administrative expense claims (collectively, the "Chapter 7 Admin Claims"):

　　i.   Former Trustee = $15,250.00,

　　ii.   KPC = $9,488.55,

　　iii.   RE/MAX 2000 = $4,000.00, and

　　iv.   Viktor and Galyna Goroshko = $1,095.00.

*See*, Exhibit "A"

**C.   The Chapter 13 Plan**

9.   On March 20, 2020, the Debtor filed the Amended Chapter 13 Plan (the "Plan") [D.I. 88]. The Plan is attached hereto as Exhibit "B" and made a part hereof.

10.   As required by the Bankruptcy Code, the Plan provided for the payment of the Chapter 7 Admin Claims in full including the claim of KPC.

11.   On April 30, 2020, this Court entered an Order confirming the Plan [D.I. 99].

12.   On April 28, 2022, the Chapter 13 Trustee filed the Notice of Completion of Plan Payments [D.I. 133].

13. On April 29, 2022, the Clerk of Court filed the Notice of Deadline to Object to Discharge [D.I. 134].

## OBJECTION

14. KPC respectfully requests the entry of an Order denying the Debtor a discharge.

15. The Debtor is in default of the Plan.

16. Specifically, KPC is still owed the sum of $1,372.11. The Chapter 13 Trustee's Case Status Report is attached hereto as Exhibit "C" and made a part hereof.

17. In addition, all of the other Chapter 7 Admin Claims have not been paid in full. *See*, Exhibit "C".

18. Quite simply, the Debtor cannot receive his discharge until all of the Chapter 7 Admin Claims are paid in full.

**WHEREFORE**, KPC respectfully requests the entry of an Order (a) denying the Debtor's discharge and (b) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
Robert W. Seitzer, Esquire
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for Karalis PC*

Dated: May 12, 2022

**<u>EXHIBIT "A"</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | CHAPTER 7 |
|---|---|---|
| CHONG WOO YI | : | BANKRUPTCY NO. 19-14866(MDC) |
| Debtor | : | |

## ORDER

AND NOW, upon consideration of the Motion of Christine C. Shubert, Chapter 7 Trustee, for Approval of a Settlement Agreement (the "Settlement Agreement") Between the Trustee and the Debtor (the "Motion"), and after notice and hearing; it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtor's bankruptcy case is converted from Chapter 7 to one proceeding under Chapter 13 of the Bankruptcy Code.

3. The Debtor shall file a Chapter 13 Plan (in substantial conformity to Exhibit "A" attached to the Settlement Agreement) within five (5) days after the entry of this Order.

4. The Settlement Agreement is hereby **APPROVED**.

5. The Parties (as defined in the Motion) are authorized to take all actions necessary to effectuate and consummate the resolution contemplated by the Settlement Agreement.

6. The Trustee shall return the deposit monies in the amount of $5,000.00 to Viktor and Galyna Goroshko.

7. The following claims are ALLOWED as Chapter 7 administrative expense claims:

    (a) Christine C. Shubert = $15,250.00;

    (b)    Karalis PC = $9,488.55;

    (c)    RE/MAX 2000 = $4,000.00; and

    (d)    Viktor and Galyna Goroshko = $1,095.00.

8.    This Court shall retain jurisdiction to interpret and enforce the terms of the Settlement Agreement and this Order.

BY THE COURT:

Dated: 12/4/19

*Magdeline D. C[oleman]*
MAGDELINE D. COLEMAN,
CHIEF U.S. BANKRUPTCY JUDGE

**EXHIBIT "B"**

L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **Chong Woo Yi**

Debtor(s)

Case No.: **19-14866**
Chapter 13

## Chapter 13 Plan

☐ Original

☑ _____ Amended

Date: **March 20, 2020**

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
### MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
### NOTICE OF MEETING OF CREDITORS.

**Part 1: Bankruptcy Rule 3015.1 Disclosures**

☐ Plan contains nonstandard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

**Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE**

§ 2(a)(1) Initial Plan:
  Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") _____
  Debtor shall pay the Trustee for **60** months; and
  Debtor shall pay the Trustee $_____ per month for _____ months.
  ☐ Other changes in the scheduled plan payment are set forth in § 2(d)

§ 2(a)(2) Amended Plan:
  Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $ **64,880.00**
  The Plan payments by Debtor shall consists of the total amount previously paid ($ **3,000.00**) added to the new monthly Plan payments in the amount of **$1,190.00** beginning **April 1, 2020** (date) and continuing for **52** months.
  ☐ Other changes in the scheduled plan payment are set forth in § 2(d)

§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

§ 2(c) Alternative treatment of secured claims:
  ☑ None. If "None" is checked, the rest of § 2(c) need not be completed.

  ☐ **Sale of real property**

| Debtor | Chong Woo Yi | Case number | 19-14866MDC |
|---|---|---|---|

See § 7(c) below for detailed description

☐ **Loan modification with respect to mortgage encumbering property:**
See § 4(f) below for detailed description

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution**

| | | | | |
|---|---|---|---|---|
| A. | Total Priority Claims (Part 3) | | | |
| | 1. Unpaid attorney's fees | $ | | 3,250.00 |
| | 2. Unpaid attorney's cost | $ | | 0.00 |
| | 3. Other priority claims (e.g., priority taxes) | $ | | 29,833.55 |
| B. | Total distribution to cure defaults (§ 4(b)) | $ | | 2,596.99 |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | $ | | 19.54 |
| D. | Total distribution on unsecured claims (Part 5) | $ | | 22,599.66 |
| | Subtotal | $ | | 58,300.00 |
| E. | Estimated Trustee's Commission | $ | | 10% |
| F. | Base Amount | $ | | 64,880.00 |

### Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Brad J. Sadek | Legal Fees | $3,250.00 |
| Christine C. Shubert | Administrative Claim | $15,250.00 |
| Karalis, PC | Administrative Claim | $9,488.55 |
| RE/MAX 2000 | Administrative Claim | $4,000.00 |
| Viktor and Galyna Goroshko | Administrative Claim | $1,095.00 |

§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☑ None. If "None" is checked, the rest of § 3(b) need not be completed or reproduced.

### Part 4: Secured Claims

§ 4(a) ) Secured claims not provided for by the Plan

☑ None. If "None" is checked, the rest of § 4(a) need not be completed or reproduced.

**Creditor**
? If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.
**The Huntingdon National Bank**

**Secured Property**
2018 Kia Sorrento

2

| Debtor | Chong Woo Yi | Case number | 19-14866MDC |
|---|---|---|---|

? If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.

**2018 Kia Stinger**

**Kia Motors Finance**

### § 4(b) Curing Default and Maintaining Payments

☐ None. If "None" is checked, the rest of § 4(b) need not be completed or reproduced.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Wells Fargo Bank, NA | 15137 Kailaste Drive, Philadelphia, PA 19116 | Paid Directly | Pre-petition $2,596.99 | Paid Directly | $2,596.99 |

### § 4(c) Allowed Secured Claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim

☐ None. If "None" is checked, the rest of § 4(c) need not be completed or reproduced.
(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| Water Revenue Department | 15137 Kallaste Drive, Philadelphia, PA 19116 | $19.54 | | | $19.54 |

### § 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506

☑ None. If "None" is checked, the rest of § 4(d) need not be completed.

| Debtor | **Chong Woo Yi** | Case number | **19-14866MDC** |
|---|---|---|---|

§ 4(e) Surrender

☑ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

§ 4(f) Loan Modification

☑ *None. If "None" is checked, the rest of § 4(f) need not be completed.*

## Part 5: General Unsecured Claims

§ 5(a) **Separately classified allowed unsecured non-priority claims**

☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

§ 5(b) **Timely filed unsecured non-priority claims**

  (1) Liquidation Test *(check one box)*

  ☐ All Debtor(s) property is claimed as exempt.

  ☑ Debtor(s) has non-exempt property valued at $ **22,599.66** for purposes of § 1325(a)(4) and plan provides for distribution of $**25,849.66** to allowed priority and unsecured general creditors.

  (2) **Funding:** § 5(b) claims to be paid as follows *(check one box)*:

  ☑ Pro rata

  ☐ 100%

  ☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☑ **None.** If "None" is checked, the rest of § 6 need not be completed or reproduced.

## Part 7: Other Provisions

§ 7(a) **General Principles Applicable to The Plan**

  (1) Vesting of Property of the Estate *(check one box)*

  ☑ Upon confirmation

  ☐ Upon discharge

  (2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

  (3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made to the Trustee.

  (4) If Debtor is successful in obtaining a recovery in personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor or the Trustee and approved by the court..

§ 7(b) **Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

  (1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                                          Best Case Bankruptcy

| Debtor | Chong Woo Yi | Case number | 19-14866MDC |
|---|---|---|---|

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

§ 7(c) Sale of Real Property

☒ None. If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of ___ (the "Real Property") shall be completed within months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed, each secured creditor will be paid the full amount of their secured claims as reflected in § 4.b (1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

Level 1: Trustee Commissions*
Level 2: Domestic Support Obligations
Level 3: Adequate Protection Payments
Level 4: Debtor's attorney's fees
Level 5: Priority claims, pro rata
Level 6: Secured claims, pro rata
Level 7: Specially classified unsecured claims
Level 8: General unsecured claims
Level 9: Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Nonstandard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☒ None. If "None" is checked, the rest of § 9 need not be completed.

## Part 10: Signatures

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| | | | |
|---|---|---|---|
| Debtor | **Chong Woo Yi** | Case number | **19-14866MDC** |

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date: **March 9, 2020**       /s/ **Brad J. Sadek, Esquire**
                              **Brad J. Sadek, Esquire**
                              Attorney for Debtor(s)

**EXHIBIT "C"**

Case Status Report
Eastern District of Pennsylvania Kenneth E West Standing Chapter 13 Trustee     Page 1
Status of Case as of    04/29/2022   04:11 PM    Chapter 13

**19-14866-1-MDC**
Discharged Paid Out on 04/27/2022 - Close Pending    27 Rmng of 56 Mos.

CHONG WOO YI

15137 KALLASTE DRIVE    Atty: BRAD J. SADEK ESQ    SSN: xxx-xx-9031  xxx-xx-
(215)545-0008    Debtor Plan Payment: $1,190.00 / M
PHILADELPHIA PA 19116-    Discharged Paid Out
Debtor Type: Business    Business: 2    Emplyr:

----- Last 6 Payments -----

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Filed | 08/01/2019 | 04/21/2022 | $60,342.97 | 02/07/2022 | $1,190.00 | Total Paid In | $92,902.97 |
| First Mtg | 02/12/2020 | 04/06/2022 | $1,190.00 | 01/06/2022 | $1,190.00 | Base Amount | $92,902.97 |
| Confirmed | 04/30/2020 | 03/07/2022 | $1,190.00 | 12/07/2021 | $1,190.00 | Addtl Amount | $0.00 |
| Plan Filed | 12/12/2019 | | | | | Total Base Amount | $92,902.97 |
| Start Pmts | 12/04/2019 | | | | | | |
| Bar Date | 02/12/2020 | | | | | | |

Debtor Graduated Payments
Start Date 12/4/2019    End Date 3/4/2020    $3,000.00    Per =    $3,000.00
Start Date 4/4/2020    End Date 7/4/2024    $1,190.00    Per Month =    $61,880.00
CONVERTED FROM CHAPTER 7; DO NOT DISMISS!!!! ORDER TO SELL APPROVED.... TRUSTEE TO ROkay to Close (27)) Y

| Creditor Name | Number | Clm Held | Clm Num | Last Pymt | Term | Int Rate | Fixed Pymnt | Disb Code | Debt /Value | Principal Paid | Claimed /Pd Dir | Tot Int Pd /Accrd Int | Balance /% Uns Paid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BRAD J. SADEK ESQ | | | 000-0 | 6/10/2020 | Lgl | | | 13 | $4,250.00 | $3,250.00 | $4,250.00 $1,000.00 | | $0.00 |
| Marina District Development Co | | | 001-0 | | Uns | | | 33 | $5,999.63 | | $5,999.63 | | $5,999.63 0.00 |
| Discover Bank | | | 002-0 | | Uns | | | 33 | $14,380.21 | | $14,380.21 | | $14,380.21 0.00 |
| Capital One Bank (USA), N.A. | | | 003-0 | | Uns | | | 33 | $9,057.58 | | $9,057.58 | | $9,057.58 0.00 |
| Capital One Bank (USA), N.A. | | | 004-0 | | Uns | | | 33 | $5,381.68 | | $5,381.68 | | $5,381.68 0.00 |
| Capital One Bank (USA), N.A. | | | 005-0 | | Uns | | | 33 | $3,259.94 | | $3,259.94 | | $3,259.94 0.00 |
| American Express National Bank | | | 006-0 | | Uns | | | 33 | $5,973.42 | | $5,973.42 | | $5,973.42 0.00 |
| Afni, Inc | | | 007-0 | | Uns | | | 33 | $4,224.03 | | $4,224.03 | | $4,224.03 0.00 |
| CITY OF PHILA | | | 008-0 | | Sec | | | 24 | $0.00 | | $19.54 | | CrPaid |
| Karalis PC | | | 009-0 | 4/12/2022 | Pri | | | 23 | $9,488.55 | $8,116.44 | $9,488.55 | | $1,372.11 |
| Christine C. Shubert | | | 010-0 | 4/12/2022 | Pri | | | 23 | $15,250.00 | $13,044.74 | $15,250.00 | | $2,205.26 |
| Citibank, N.A. | | | 011-0 | | Uns | | | 33 | $4,581.94 | | $4,581.94 | | $4,581.94 0.00 |
| RE/MAX 2000 | | | 012-0 | 4/12/2022 | Pri | | | 23 | $4,000.00 | $3,421.57 | $4,000.00 | | $578.43 |
| Victor and Galyna Goroshko | | | 013-0 | 4/12/2022 | Pri | | | 23 | $1,095.00 | $936.65 | $1,095.00 | | $158.35 |
| FIRST NATIONAL BANK OF OMAHA | | | 014-0 | | Uns | | | 33 | $4,265.19 | | $4,265.19 | | $4,265.19 0.00 |
| THE HUNTINGTON NATIONAL BANK | | | 015-0 | | Sec | | | 24 | $20,194.08 | | $20,194.08 | | Direct |
| Specialized Loan Servicing LLC | | | 016-0 | | Sec A | | | 24 | $0.00 | | $143,608.57 | | CrPaid |
| HYUNDAI CAPITAL AMERICA DBA KI | | | 017-0 | | Sec | | | 24 | $31,660.74 | | $31,660.74 | | Direct |
| COMMONWEALTH OF PENNSYLVANIA | | | 018-0 | | Uns | | | 33 | $0.00 | | | | Not Filed |
| INTERNAL REVENUE SERVICE | | | 019-0 | | Uns | | | 33 | $0.00 | | | | Not Filed |
| BANK OF AMERICA | | | 020-0 | | Uns | | | 33 | $0.00 | | | | Not Filed |
| BARCLAYS BANK JUNIPER | | | 021-0 | | Uns | | | 33 | $0.00 | | | | Not Filed |

Continued on Next Page

Case Status Report
Eastern District of Pennsylvania Kenneth E West Standing Chapter 13 Trustee  Page 2
Status of Case as of    04/29/2022    04:11 PM  Chapter 13

**19-14866-1-MDC**
CHONG WOO YI

Discharged Paid Out on 04/27/2022 - Close Pending

27 Rmng of 56 Mos.

| Creditor Name | Number | Held | Clm Num | Last Pymt | Term | Int Rate | Fixed Pymnt | Disb Code | Debt /Value | Principal Paid | Claimed /Pd Dir | Tot Int Pd /Accrd Int | Balance /% Uns Paid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KENNETH E. WEST | | | TRS-0 | 4/21/2022 | Tru | | | 00 | $12,052.07 | $7,523.24 | | | $4,528.83 |
| Total | | | | | | | | | $103,259.24 | $36,292.64 | | $0.00 | |

|  | Secured | Priority | Unsecured | Admin | Attorney | Continuing | Other |  |  |
|---|---|---|---|---|---|---|---|---|---|
| Total Debt | $0.00 | $29,833.55 | $57,123.62 | $0.00 | $4,250.00 | $0.00 | $12,052.07 | - Amount Available | $56,610.33 |
| Total Paid | $0.00 | $25,519.40 | $0.00 | $0.00 | $3,250.00 | $0.00 | $7,523.24 | - Funds Held | $0.00 |
| Total Int Pd | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | Principal Balance | $9,356.27 |
| Total Direct Pd | $0.00 | $0.00 | $0.00 | $0.00 | $1,000.00 | | $0.00 | Debtor Refunds | $0.00 |
| Balance Due | $0.00 | $4,314.15 | $57,123.62 | $0.00 | $0.00 | | $4,528.83 | Base Amount Bal | $0.00 |
| | | | | | | | | Delinquent | $0.00 |

|  |  | Budget |
|---|---|---|
| | | ER/H: |
| Inc: | $2,870.00 | Occup: |
| Exp: | $2,845.00 | ER/H: |
| Surp: | $25.00 | Occup: |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| | : | |
| CHONG WOO YI | : | BANKRUPTCY NO. 19-14866(MDC) |
| | : | |
| Debtor | : | |
| | : | |

## ORDER

**AND NOW**, upon consideration of the Notice of Deadline to Object to Discharge, and the Objection of Karalis PC thereto; it is hereby **ORDERED** that:

1. The Debtor's discharge is **DENIED**.

2. This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

**BY THE COURT:**

Dated: _____

_____
MAGDELINE D. COLEMAN,
CHIEF U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 13 |
| | : |
| CHONG WOO YI | : BANKRUPTCY NO. 19-14866(MDC) |
| | : |
| Debtor | : |
| | : |

## CERTIFICATE OF SERVICE

I, Robert W. Seitzer, Esquire hereby certify that on the 12th day of May, 2022, I directed that the Objection of Karalis PC to the Entry of the Debtor's Order of Discharge to be served upon the parties on the attached list in the manner indicated thereon.

KARALIS PC

By: /s/ Robert W. Seitzer
Robert W. Seitzer, Esquire

*Attorneys for Karalis PC*

Dated: May 12, 2022

**VIA ECF TRANSMISSION**

Kevin P. Callahan, Esquire
Office of the United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Christine C. Shubert, Esquire
821 Wesley Avenue
Ocean City, NJ 08226

Hae Yeon Baik, Esquire
The Baik Law Firm, P.C.
1100 Vine Street, Suite C8
Philadelphia, PA 19107

Jerome Blank, Esquire
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103

Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107

Kenneth E. West, Esquire
Chapter 13 Standing Trustee
P.O. Box 40837
Philadelphia, PA 19107